UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| EDDIE BODDEN, FELIZ TERRERO, FRANCISCO ORTEGA, MARCELINO SUSANA, VICTOR LACAYO LOPEZ, and JULIO BRINGUEZ, | : : : : : : | |
| Plaintiffs, | : | Civil Action No. _____ |
| vs. | : : | |
| SUNCOAST SHIPPING, LLC, | : : | |
| Defendants. | : : : | |
| EDDIE BODDEN, FELIZ TERRERO, FRANCISCO ORTEGA, MARCELINO SUSANA, VICTOR LACAYO LOPEZ, and JULIO BRINGUEZ, as assignees of Suncoast Shipping, | : : : : : : : | **NOTICE OF REMOVAL BY FRENKEL BENEFITS, LLC** |
| Plaintiffs/"Third-Party Plaintiffs," | : : | |
| vs. | : : | |
| FRENKEL & CO, LLC, | : : | |
| **"Third-Party Defendant"** | : : : | |

**TO:** THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
FOR THE SOUTHERN DISTRICT OF FLORIDA

**PLEASE TAKE NOTICE** that Frenkel Benefits, LLC d/b/a Frenkel & Company (wrongly named as Frenkel & Co, LLC) ("Frenkel") is hereby removing the above-styled action to this Court pursuant to 28 U.S.C. §1332-33, and 28 U.S.C. §1441, *et. seq.*

In support of this Notice, Frenkel states as follows:

ME1 25013282v.5

**Diversity of Citizenship Exists Between All Parties To This Lawsuit**

1. Removal is proper based on diversity of citizenship between the only parties to this broker malpractice dispute, Plaintiffs and Frenkel.

2. The so-called Second Corrected Amended Complaint for Damages filed by Plaintiffs (hereinafter "First Complaint Against Frenkel") is the first and only pleading served on Frenkel by any party in any forum connected with the subject matter of this controversy.

3. The First Complaint Against Frenkel alleges that each of the Plaintiffs are foreign nationals: Eddie Bodden and Victor Lacayo-Lopez are citizens of Honduras; Feliz Terrero, Francisco Ortega, and Marcelino Susana are citizens of the Dominican Republic; and Julio Bringuez is a citizen of Guatemala. (First Complaint Against Frenkel ¶ 1, n. 1 at Ex. A).

4. Frenkel is alleged to be a Delaware corporation, headquartered in New York. (*See* Ex. A at ¶ 5). Frenkel is actually a New York limited liability company with its principal place of business in New York. (See Ex. B).

5. Frenkel is the only party from which any relief is sought in the First Complaint Against Frenkel.

6. Thus, there is complete diversity between the Parties to this new broker malpractice action. (Diversity of citizenship would exist whether Frenkel was deemed to be a Delaware or New York citizen.)

7. The First Complaint Against Frenkel, moreover, alleges the amount in controversy is between $1,000,000 and $3,000,000, which exceeds the requisite $75,000 threshold for diversity jurisdiction under 28 U.S.C. § 1332(a). (*See* First Complaint Against Frenkel ¶ 77 & Exhibit 1 thereto, at Ex. A).

ME1 25013282v.5

**There Are No Pending Claims By or Against Suncoast Shipping, LLC ("Suncoast") or any other Party; thus, There Can Be No "Third-Party Claims" Against Frenkel**

8. There are no pending claims for relief by, or against, Suncoast whatsoever in the First Complaint Against Frenkel.

9. Likewise, prior to the First Complaint Against Frenkel, Suncoast had never sought to join Frenkel in its prior state court dispute with Plaintiffs, or otherwise file any lawsuit against Frenkel in any forum.

10. Accordingly, as a matter of law and basic civil litigation practice, there are, and can be, no "third-party" claims against Frenkel in this Action – despite the inapplicable and misleading labels that Plaintiffs utilize in the caption of this new insurance broker malpractice action.

**Plaintiffs Resolved Their Prior Action Against Suncoast Well Prior to the First Complaint Against Frenkel**

11. On March 4, 2016 (approximately one year before the First Complaint Against Frenkel was filed), Plaintiffs and Suncoast allegedly entered into a comprehensive settlement agreement under which Suncoast expressly consented to the entry of judgment in favor of Plaintiffs in the amount of $3,000,000 to resolve Plaintiffs' prior personal injury and tort claims against Suncoast.  (*See* Settlement Agreement attached as Exhibit 1 to the First Complaint Against Frenkel, Ex. A).

12. As part of the March 2016 settlement of all claims between Plaintiffs and Suncoast, Suncoast also expressly admitted to all of the allegations Plaintiffs asserted against it, resolving entirely their state court action.  *Id.*  Accordingly, the dispute between Plaintiffs and Suncoast was resolved completely approximately 14 months before the First Complaint Against Frenkel was served.

13. In the March 2016 Settlement Agreement, Suncoast also purportedly assigned to Plaintiffs "any and all claims or rights of action related" to the lawsuit, which included but was not limited to any claims against Frenkel. *Id.*

14. Pursuant to that purported assignment, on February 27, 2017, the First Complaint Against Frenkel was filed directly by Plaintiffs (<u>not</u> Suncoast) in Florida's Eleventh Judicial Circuit in Miami-Dade County, and it was served on May 24, 2017.

15. This broker malpractice action is based exclusively on two claims by Plaintiffs pursuant to that alleged assignment – a breach of contract count against Frenkel, and a negligence count against Frenkel. (First Complaint Against Frenkel at ¶¶ 65-77).

16. Although the First Complaint Against Frenkel purports to name Frenkel as a "third-party defendant," Plaintiffs assert no direct claims and seek no damages or other relief against Suncoast -- or any other party -- in the First Complaint Against Frenkel.

17. Plaintiffs' new broker malpractice action against Frenkel is thus wholly separate from Plaintiffs' long-settled personal injury and tort claims against Suncoast.

**The Related Maritime Insurance Federal Declaratory Judgment Action Regarding the Same Travelers Policy At Issue in this Matter**

18. Indeed, by their own admission, Plaintiffs' two causes of action against Frenkel relate to the declaratory judgment coverage action that Travelers filed against Suncoast in the Southern District of Florida styled *Travelers Property Casualty Company of America v. Suncoast Shipping, LLC*, No. 2:14-cv-13260-DMM ("Federal Court Coverage Action"), in which Suncoast knowingly defaulted. (*See* First Complaint Against Frenkel ¶¶ 56-57 & 59 and Exhibit 3 thereto, at Ex. A).

19. Notably, Travelers had designated its declaratory judgment claims in the Federal Court Coverage Action as an "Admiralty and Maritime claim within the meaning of Rule 9(h) of

4

the Federal Rules of Civil Procedure and within the Admiralty jurisdiction of [the] Court pursuant to 28 U.S.C. § 1333." (*See* Ex. C at ¶ 2.)

20. Joining Frenkel as a purported "third-party" defendant to their previously settled action against Suncoast was Plaintiffs' attempt to deprive Frenkel its right to a federal forum following Plaintiffs' sham settlement of their personal injury action against Suncoast, as well as Suncoast's intentional and knowing default in the separate, but clearly related, Federal Court Coverage Action that is central to the First Complaint Against Frenkel.

21. Despite Plaintiff's allegation that "the District Court agreed with Travelers" in the Federal Court Coverage Action due to "Frenkel's errors," (First Complaint Against Frenkel at ¶¶ 59-60), there was never any attempt by Suncoast to seek a resolution on the merits of the Federal Court Coverage Action, let alone any adjudication of the Frenkel purported acts or omissions that purportedly led to the adverse result in the Federal Court Coverage Action.

22. The "Final Default Judgment" in the Federal Court Coverage Action -- which is attached to the First Complaint Against Frenkel -- makes crystal clear that a final <u>default</u> judgment was entered against Suncoast due to its failure to respond to that marine insurance lawsuit. (*See* Exhibit 3 to the First Complaint Against Frenkel).

23. Moreover, the docket sheet in the Federal Court Coverage Action evidences that the federal court had previously refused to grant Travelers summary judgment on the merits due to Suncoast's default. (*See* Ex. D).

24. Nevertheless, Plaintiffs -- as assignees of Suncoast -- seek in their new action to blame Frenkel for the default declarations entered against Suncoast in the Federal Court Coverage Action that Travelers' Marine Hull and Protection & Indemnity Policy ("Policy")

issued to Suncoast was void *ab initio*, and that Travelers otherwise had no obligation to cover Suncoast under the Policy for the Plaintiffs' personal injuries and other alleged damages. *Id.*

25. Although Suncoast never contested the merits of the Federal Court Coverage Action, Plaintiffs now incredibly claim that Frenkel somehow caused the damages from the adverse default judgment as a result of an alleged breach of (a wholly undefined) contract with Suncoast, and a purported negligent failure to procure Suncoast's requested marine insurance through the same Travelers policy at issue in the Federal Court Coverage Action.

26. Plaintiffs' misplaced, and tardy, attempt to foist responsibility for Suncoast's actions on Frenkel following the sham settlement between Suncoast and Plaintiffs, and Suncoast's knowing default of the Federal Court Coverage Action regarding a marine insurance dispute that was subject to federal court jurisdiction, is improper – and should not be used in any event as a mechanism to deprive Frenkel of its right to adjudicate the baseless maritime-related insurance broker malpractice allegations in a federal forum.

**Frenkel's Removal of This Matter to Federal Court Is Timely and Proper On Multiple Grounds**

27. On May 24, 2017, the Summons and First Complaint Against Frenkel were first served on Frenkel. (*See* Ex. A). Accordingly, this Notice of Removal dated June 23, 2017 was filed timely – within 30 days after receipt of service of summons under 28 U.S.C. § 1446(b)(1).

28. As detailed above, removal is proper because Plaintiffs are foreign nationals and Frenkel is a citizen of New York, with its principal place of business in New York, complete diversity of citizenship exists between the parties. Specifically, under 28 U.S.C. § 1332(a)(2), this Court has subject matter jurisdiction because there is complete diversity between the Plaintiffs and the removing-party, Frenkel, and the amount in controversy exceeds $75,000.

29. Given the resolution of the prior dispute between Suncoast and Plaintiffs long before this marine insurance broker malpractice action was filed, the Court should recognize the First Complaint Against Frenkel fraudulently purports to name Frenkel as a so-called "third-party defendant" because Plaintiffs' previously settled their claims against Suncoast. Accordingly, there exists no *bona fide* basis for Plaintiffs' so-called "third-party" claims. Plaintiffs' new suit against Frenkel is really a separate action by Plaintiffs for purposes of analyzing subject matter jurisdiction. This notice of removal is, therefore, timely.

30. Alternatively, if this Court examines the timing of Frenkel's removal based on Plaintiffs' commencement of its state court action against Suncoast (before they joined Frenkel), and/or finds that removal based on diversity should have generally occurred within one year after the commencement of that prior action between Plaintiffs and Suncoast, the bad faith exception in 28 U.S.C. § 1446(c)(1) also applies.

31. By naming Frenkel as a so-called "Third-Party Defendant" in a long-settled, state court action, Plaintiffs have engaged in bad faith manipulation of the state court's jurisdiction in order to, among other things, try and prevent Frenkel from removing this action. *See, e.g., Hill v. Allianz Life Ins. Co. of N. America*, 51 F.Supp.3d 1277 (M.D.Fla. 2014) (holding "the one-year limitation on removal of diversity cases does not apply" where plaintiff acted in bad faith).

32. As explained above, although Plaintiffs have no pending claims against Suncoast or any other party in this action, Plaintiffs improperly commenced its wholly separate claims against Frenkel as a purported "third-party" action, instead of properly filing a new suit against Frenkel. *See, e.g., Connecticut Sav. Bank v. Savers Federal Sav. And Loan Ass'n*, 670 F.Supp. 1549, 1550 (S.D.Fla. 1987) (finding removal proper where third-party complaint states a separate

claim from the main action and "could have originally been brought in federal court had it been sued upon by itself").

33. Accordingly, Plaintiffs' purported maintenance of their resolved claims against Suncoast, and misplaced so-called "third-party" claims against Frenkel, are fraudulent. *See, e.g., Olivia v. NBTY, Inc.*, No. 11-8050-CIV-DIMITROULEAS, 2012 WL 12849958, at *2-3 (S.D.Fla. Apr. 26, 2012) (finding fraudulent joinder where "there is no possibility the plaintiff can establish a cause of action against the [fraudulent] defendant").

34. Finally, removal also is proper here because there is admiralty subject matter jurisdiction under 28 U.S.C. §1333. Plaintiffs' claims against Frenkel, in fact, directly arise from the rescission, marine insurance questions, and maritime issues raised in the Federal Court Coverage Action regarding the same Travelers marine insurance policy at issue here.

35. Travelers had properly designated the Federal Court Coverage Action as an Admiralty and Maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure that was subject to 28 U.S.C. §1333. *See Morewitz v. West of England Ship Owners Mut. Protection & Indem., Ass'n*, 896 F.2d 495, 498-99 (11th Cir. 1990) ("It is well settled that a suit on a contract of marine insurance falls within our federal admiralty jurisdiction."); *LaMadrid v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 567 Fed. App'x 695, 699 (11th Cir. 2014) (finding claims concerning marine insurance contracts may be maintained in federal court under diversity jurisdiction and/or admiralty jurisdiction).

36. Suncoast thus could have impleaded any third-party defendant who allegedly may be wholly or partly liable for such claims pursuant to Rule 14(c), and the federal courts of Florida could have properly exercised subject matter jurisdiction over Frenkel. *See Great Lakes Reinsurance (UK) PLC v. Zielinski*, No. 8:06-CV-02216-T-24-TBM, 2007 WL 2071317

(M.D.Fla. July 19, 2007) (exercising supplemental subject matter jurisdiction over claims against insurance brokers related to underlying insurance dispute).

37. Frenkel, however, was not so joined in the Federal Court Coverage Action, nor otherwise given an opportunity to rebut Travelers' arguments regarding the placement and applicability of the marine policy or the related maritime issues as to the vessel at issue, as part of an attempt to deprive Frenkel of the same federal forum that entered a default judgment against Suncoast on the Travelers' rescission and marine coverage claims.

38. Just as the Florida federal courts properly exercised jurisdiction over the maritime insurance claims in the Federal Court Coverage Action on which Suncoast defaulted, federal admiralty subject matter jurisdiction also should exist here over alleged Frenkel acts and omissions in connection with the same marine insurance contract and related maritime issues. *See, e.g., Romen, Inc. v. Price-Forbes, Ltd.*, 824 F.Supp. 206, 207-208 (S.D.Fla. 1992) (claims against insurance broker in connection with marine insurance policy and related alleged maritime issues gave rise to independent federal admiralty subject matter jurisdiction); *Dao v. Knightsbridge Int'l Reinsurance Corp.*, 15 F.Supp.2d 567, 575 (D.N.J. 1998) ("The weight of authority is that an agreement to procure marine insurance is within the Court's admiralty jurisdiction"); *Rivera v. Atlass Ins. Grp. Of Florida, Inc.*, Civil No. 09-1434 (RLA), 2010 WL 183934, at *6 (D.P.R. Jan 13, 2010) (finding "claims asserted against [brokers] for their alleged failure . . . to procure adequate insurance coverage . . . fits squarely within the court's admiralty jurisdiction").[1]   Thus, removal also is proper on this separate independent ground.

---

[1] In addition to its broad allegations relating to the procurement of marine coverage, Plaintiffs' pleading raises a variety of additional unique maritime arguments regarding Frenkel's purported duties and alleged maritime industry norms, including issues relating to ship registration and vessel ownership. *See, e.g.*, Ex A at ¶¶ 66-67 ("Frenkel had a duty to provide competent insurance services to Suncoast consistent with the prevailing standard of care for similar situated maritime insurance brokers…. Frenkel was responsible for obtaining pertinent vessel ownership and lease information…, verifying vessel information, including ownership, by reference to the ships registry data…")

**Venue Also Is Proper**

39. Venue is proper in this Court under 28 U.S.C. § 1339 and 1446(b) because this Court is located in the federal judicial district that includes the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida.

40. Pursuant to 28 U.S.C. §1446(a), true and correct copies of the Summons and all pleadings received by Frenkel in the First Complaint Against Frenkel are attached as Exhibit A.

41. A Notice of Filing of Notice of Removal will be filed in the Eleventh Judicial Circuit for Miami-Dade County, with copies served on counsel of record, pursuant to 28 U.S.C. §§ 1446(a) and (d).

42. By filing this Notice of Removal, Frenkel does not waive any claims or defenses that may be available to it.

WHEREFORE, Frenkel respectfully requests that this action be removed from the Eleventh Judicial Circuit for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida under the authority in 28 U.S.C. § 1441(a) and otherwise cited above.

                                                     Respectfully submitted,

                                      By: /s/ Neil Bayer

                                          Neil Bayer, Esq.
                                          KENNEDYS
                                          Brickell Arch
                                          1395 Brickell Avenue, Suite 610
                                          Miami, Florida 33131
                                          Attorneys for Frenkel Benefits, LLC d/b/a
                                          Frenkel & Company (wrongly named as
                                          Defendant Frenkel & Co, LLC)

**Of Counsel:**
Gregory H. Horowitz, Esq. (motion for *pro hoc* admission to be filed)
Steven Weisman, Esq. (motion for *pro hoc* admission to be filed)
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Dated:  Friday, June 23, 2017